**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

KEITH C. ST. LOUIS, #304932,

        Petitioner,

v.                                                                                          ACTION NO.
                                                                                            2:05cv452

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.


## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254.  The

matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of

28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for

the Eastern District of Virginia. The Court recommends denying petitioner's petition for writ of

habeas corpus.


## I. STATEMENT OF THE CASE

### A. Background

Petitioner Keith C. St. Louis ("St. Louis") was convicted in the Portsmouth Circuit Court on

October 23, 2001, of second degree murder.  He was sentenced on December 12, 2001, to a term of

27 years, with 15 years suspended.

St. Louis's direct appeal of his convictions to the Virginia Court of Appeals was denied on

August 9, 2002, and the subsequent petition for rehearing was denied on October 17, 2002.  The Virginia Supreme Court refused St. Louis's petition for appeal on April 15, 2003.

St. Louis filed a habeas petition in the Portsmouth Circuit Court on April 13, 2004, which was dismissed on October 6, 2004.  St. Louis noted an appeal of the dismissal to the Virginia Supreme Court, which denied the appeal on March 3, 2005, due to St. Louis's failure to assign error in his petition.  On April 29, 2005, the Virginia Supreme Court denied St. Louis's motion to rehear.

St. Louis, presently in the custody of the Virginia Department of Corrections at the Augusta Correctional Center in Craigsville, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 2, 2005.  On November 3, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss.  St. Louis filed a response to the Motion to Dismiss on December 27, 2005.

### B. Grounds Alleged

St. Louis asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a)     he was denied effective assistance of counsel due to his counsel's failure to properly respond to the Commonwealth's objection to St. Louis's cross examination of Officer Falck;

(b)     he was denied effective assistance of counsel due to his counsel's failure to properly challenge the sufficiency of the evidence;

(c)     he was denied effective assistance of counsel due to his counsel's failure to impeach the testimony of blood stain expert, Ms. Hufford; and,

(d)     the Virginia Supreme Court erred by failing to give St. Louis "actual or constructive notice of dismissal" of his petition for appeal in that court.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

St. Louis's action here is barred by the statute of limitations.  The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A) (2000).

The Virginia Supreme Court denied St. Louis's petition for appeal on April 15, 2003.  For a prisoner, like St. Louis,  who does not file a Petition for Writ of Certiorari in the United States Supreme Court, the clock begins to run when the time for seeking certiorari expires (ninety days after the highest state court rules).  See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, the statutory period of limitations for filing St. Louis's federal habeas petition began running on July 14, 2003.

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending.  Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations is tolled for the whole duration of state collateral review, from the time the initial petition is filed until the final ruling is made, including any gaps in between.  See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).  However, while 28 U.S.C. § 2244(d)(2) pauses the clock

during a pending state collateral review it does not reset the clock.  See Harris, 209 F.3d at  327.

St. Louis filed a habeas petition with the Circuit Court on April 13, 2004, pausing the clock after nine months had expired.  On October 6, 2004, the Circuit Court dismissed the petition. St. Louis failed to perfect his appeal of the dismissal to the Virginia Supreme Court.  Therefore, the statute is only tolled for the 30 days during which he was entitled to note an appeal, or November 5, 2004. See Pace v. DiGuglielmo, 544 U.S. 408, (2005) (holding a state petition, which is rejected by the state court as untimely, is not "properly filed" within the meaning of the statutory tolling provision of the AEDPA). At that time, the clock began to run again on the three months that St. Louis had left under the federal statute of limitations.

St. Louis had until approximately February 4, 2005, to file his federal habeas petition.  St. Louis's petition was not received until July 27, 2005[1], which was over five months after the statute of limitations deadline.  This Court cannot reach the merits of St. Louis's claims, because the claims are barred by the statute of limitations.  Therefore, this Court recommends denial of St. Louis's petition.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that St. Louis's petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED.

St. Louis has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537

---

[1]        St. Louis did not date his petition.

4

U.S. 322 (2003).

## IV.  **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 25, 2006

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the

following:

    Keith C. St. Louis, #304932
    Augusta Correctional Center
    1821 Estaline Valley Road
    Craigsville, VA 24430


    Donald E. Jeffrey, III, Esq.
    Office of the Attorney General
    900 East Main Street
    Richmond, VA 23219


                Fernando Galindo, Acting Clerk


       By _____
           Deputy Clerk

           April      , 2006

6